IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEAN MICHAEL PUCHALOW CLINTON,

    Plaintiff,

vs.                                                          No. 1:23-cv-00428-WJ-KBM

UNITED STATES OF AMERICA, and
UNITED STATES SECRET SERVICE,

    Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM

THIS MATTER is before the Court *sua sponte* and on Defendants' Motion to Dismiss for failure to state a claim (Doc. 15). The Court will dismiss Plaintiff Sean Michael Puchalow Clinton's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) for lack of jurisdiction. Alternatively, the Court concludes that the Petition fails to state a claim for relief and is frivolous and therefore grants the Motion to Dismiss.

Plaintiff Sean Michael Puchalow Clinton commenced this proceeding on May 18, 2023, by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). However, in his Petition, Plaintiff admits:

> "Petitions for Habeas Relief are normally filed by persons physically residing in prisons within the United States. The petition in this action Sean M. Puchalow Clinton is not physically residing within a jail or penal institution in the United States: he is not in custody of the U.S. government in the traditional sense of the meaning of the concept."

(Doc. 1 at 1). Defendants United States of America and United States Secret Service filed a Motion to Dismiss on December 8, 2023, on the grounds that (1) the Petition does not state a claim for habeas corpus relief and (2) the Petition does not state any other viable claim for relief. (Doc. 15).

1

Plaintiff Clinton has filed in opposition to the Motion to Dismiss on December 12, 2023. (Doc. 16). On December 20, 2023, Defendants filed their Reply in support of the Motion to Dismiss. (Doc. 17).

Plaintiff seeks habeas corpus relief under the general habeas corpus statute, 28 U.S.C. § 2241. Plaintiff contends:

> "[H]e is in fact in the custody of the U.S. government, because the U.S. Secret Service, in conjunction with other arms bearing U.S. federal entities, has him under an extremely invasive 24/7 surveillance watch that he cannot reasonably escape."

(Doc. 1 at 1). Plaintiff states the nature of his claims as follows:

> "The President of the United States is in the custody of the U.S. Secret Service. This protective form of custody the President resides within is voluntary, but is a form of custody no less. The President of the United States and other U.S. Secret Service protected "clients" live within a metaphorical security bubble. comprised of thousands of armed and unarmed personnel who keep a physical perimeter around them at all times. This "army" of personnel, that forms the security bubble surrounding U.S. Secret Service protected clients, is being perverted, within a conspiracy against Sean M. Puchalow Clinton's rights, into a "goon" squad that engages in extreme bullying and harassment against him wherever he goes. Sean M. Puchalow Clinton has made numerous reasonable attempts to escape the Security apparatus the secret service and its colleagues from other U.S. Federal entities operate - for the purposes of protecting their clients, and has been unsuccessful in every attempt. Therefore, Sean M. Puchalow Clinton is in fact under the custody of the U.S. Secret Service, in a way similar to the form of custody the President of the United States is under, except Sean M. Puchalow Clinton is involuntarily in Secret Service custody and is being greatly abused within it- in violation of the Fundamental Human Rights guaranteed to him by the U.S. Constitution."

(Doc. 1 at 2). A sampling of the factual allegations of the Petition includes:

> "I. On April 5th, 2022 the acting Director of the F.B.I. Christopher Wray initiated in person contact with Sean M. Puchalow Clinton at the Clark County Library in Las Vegas, NV, at around 05:40 pm PT, "posing" as an L.S.A.T. Tutor 'Paul Bruno' from 'Manhattan Elite Prep' - of the State of New York, USA.
>
> 2. On September 9th, 2022, at around 06:10 am EST, the former Director of the F.B.I. James Comey initiated in person contact with Sean M. Puchalow Clinton, when he walked into the Breakfast Room of the Best Western Seaway inn, in Gulfport, MS - where Sean M. Puchalow Clinton was eating breakfast.

3. Around the date of July 3, 2012, in Saskatchewan, Canada, on a Two Lane Highway and right after a Four Way Stop, the Windshield of the Commercial Vehicle Sean M. Puchalow Clinton was piloting was struck with a bullet fired from a Commercial Vehicle about to pass his from the opposite traveling lane. Sean M. Puchalow Clinton got a good look at the man who was driving the vehicle, and for whom he is certain fired the shot. Some months later Sean M. Puchalow Clinton saw the man who fired a shot at him again at a U.S. Border Crossing Checkpoint in North Dakota: the man was wearing a U.S. Customs Officer Uniform, and acting as a U.S. Customs Officer. He had red hair, was in his thirties, and had a tall slim build. Prior to the second contact with the man who fired a gunshot at him, Sean M. Puchalow Clinton reported the incident to the F.B.I. on their website as John M. Salvucci.
. . .
12. Sean M. Puchalow Clinton has flown on over one hundred commercial flights since May of 2019 for his work as a commercial truck delivery contractor, and on every single one of them the government stalked and harassed him. On one of the flights Clinton flew on, in November of 2019, a man sitting catty-cornered behind Clinton kept blowing his germs in Clinton's direction. Clinton recognized the man as one of the people routinely stalking him. Three or four days after the flight, Clinton became severely ill with what he presumed to be the Flu. Sean M. Puchalow Clinton is now certain that he became ill with COVID-19. After that flight and before Clinton became ill, he called the airline as Sean M. Puchalow to complain about the man who was blowing his germs at him on the flight, and a record of the complaint should still exist.

13. Sometime in 2012, not too long after a 'Cloak & Dagger' attempt was made on Sean M. Puchalow Clinton's life in Canada, President Obama's Motorcade flew by the Commercial Big Rig Clinton was operating doing over a hundred MPH in South Dakota, and Clinton suffered several powerful laser pointer strikes as they were going by and after they past him. Clinton's vehicle and the Presidential Motorcade were traveling in the same direction, which Clinton is confident was Westbound. The Presidential Limousine was the last vehicle in the convoy, and Clinton was impressed the license plate on the vehicle was a South Dakota plate and that it read POTUS. The commercial vehicle Clinton was operating and the five vehicles in the Presidential Convoy were the only vehicles on the highway at that desolate locality in South Dakota they were traveling through, so the person or persons responsible for the laser strikes Clinton suffered when the Presidential motorcade flew by him were definitely a part of the Presidential Convoy.
. . .
24.  Sean M. Puchalow Clinton believes there is a serious drug problem amongst members of the Secret Service with Michelle Obama and her friends, as he has smelled Crack Cocaine on several occasions while being forced to interact with them."

(Doc. 1 at 3-7, ¶¶ 1, 2, 3, 12, 13, 24).

The Defendants, United States and the United States Secret Service, have moved to dismiss Plaintiff's Petition on two grounds.[1]  First, the Defendants argue that Plaintiff is not in physical custody and, therefore, is not entitled to habeas relief under § 2241.  Second, the Defendants contend that, even if Plaintiff was in custody, his Petition fails to state a cognizable claim for relief.

Section 2241, entitled "Power to grant a writ," states, in relevant part:

> "(c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States
>  or is committed for trial before some court thereof; or (2) He is in custody
> for an act done or omitted in pursuance of an Act of Congress, or an order,
> process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the
> United States; . . .

28 U.S.C. § 2241(c).  The custody requirement is designed to limit the extraordinary remedy of habeas corpus to cases of special urgency involving "severe restraints on individual liberty." *Hensley v. Municipal Court,* 411 U.S. 345, 351 (1973). The custody requirement is jurisdictional. *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968); *Jones v. Cunningham,* 371 U.S. 236, 236 (1963); *Jackson v. Carlson,* 707 F.2d 943, 946 (7th Cir.1983).

As the Supreme Court has recognized, a writ of habeas corpus is not a remedy limited solely to those in physical custody: "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world ... to support the issuance of habeas corpus." *Jones,* 371 U.S. at 240–242 (paroled person is "in custody" for

---

[1] The Defendants also note that Plaintiff has not properly effectuated service on the United States and that the Petition does not name an individual custodian as respondent as required by § 2241. However, the Defendants do not rely on these grounds for dismissal and because the Court is dismissing on other grounds, the Court need not reach these claimed defects in the proceeding.

purposes of the district courts' habeas corpus jurisdiction when conditions of parole "significantly confine and restrain his freedom"); *see also Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 300 (1984) (Massachusetts statute under which respondent was released subjected him to restraints not shared by the public generally, including the obligations to appear in court for trial and not to depart Massachusetts without leave); *Hensley v. Municipal Court,* 411 U.S. 345, 350–353 (1973) (petitioner "in custody" though released on own recognizance because he was required to appear at "all times and places as ordered by any court or magistrate"). As recognized by the Tenth Circuit Court of Appeals, "[t]his change in philosophy has likewise applied to habeas actions arising from immigration cases." *Galaviz–Medina v. Wooten,* 27 F.3d 487, 493 (10th Cir.1994)

The expanded interpretation of the custody requirement, however, is not without limitation. Where neither imprisonment nor probation supervision are alleged and the petitioner's liberty is not restrained, the petition is not "in custody." *Dow v. Circuit Court of First Circuit Through Huddy*, 995 F.2d 922 (9th Cir. 1993). Further, a bare assertion of constitutional deprivation will not support federal court jurisdiction to grant habeas corpus relief. *Duvallon v. Florida*, 691 F.2d 483 (11th Cir. 1982).

Plaintiff's allegations in this case are not sufficient to meet the "in custody" requirement for relief under § 2241. Although he may be a prisoner of his own delusional thoughts, Plaintiff admits he is not in physical custody of, is not incarcerated by, and is not subject to probation or post incarceration supervision by either the United States Secret Service or the United States of America. (Doc. 1 at 1). While making bare assertions of constitutional deprivation, his allegations do not demonstrate any actual restraint on his liberty. Therefore, the Court lacks jurisdiction over Plaintiff's habeas corpus claims and will dismiss the Petition for lack of jurisdiction. *Carafas v. LaVallee,* 391 U.S. at 238; *Jones v. Cunningham,* 371 U.S. at 236.

Alternatively, even if the custody requirement was not jurisdictional, Plaintiff cannot meet the custody requirement and, therefore, can never state a claim for federal habeas corpus relief. See 28 U.S.C. § 2241(c).  Further, under Fed. R. Civ. P. 12(b)(6) the Petition also fails to state any cognizable claim for any other civil relief.  Plaintiff Clinton is proceeding pro se.  The Court has the discretion to dismiss a pro se complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

Recognizing that he cannot state a claim for habeas corpus relief, the Court could construe Plaintiff's Petition as asserting civil rights claims. Plaintiff claims that the Defendants' alleged surveillance constitutes a deprivation of Plaintiff's rights under the United States Constitution. (Doc. 1 at 2). Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). When the complaint makes assertions about federal governmental officials, rather than state officials, it would be considered to allege claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has

violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Puchalow Clinton makes allegations against federal, rather than state, officials. (Doc. 1). However, the Petition fails to state any claim for relief pursuant to *Bivens*. *Bivens* does create a cause of action against federal officials similar to the cause of action § 1983 creates against state officials. However, *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 F.App'x 953, 955 (10th Cir. 2007). Plaintiff has not named any individual federal officials as defendants but, instead, asserts claims only against the United States of America and its agency, the United States Secret Service. (Doc. 1 at 1). Therefore, Plaintiff Clinton's allegations against the United States of America and the United States Secret Service would be barred by sovereign immunity and fail to state a *Bivens* claim for relief. *FDIC v. Meyer,* 510 U.S. at 484-85; *Greenlee,* 247 F.App'x at 955.

Further, to the extent Plaintiff Clinton mentions individuals in the allegations of his Petition, he does not identify most of them by name, but simply gives a description of them. (Doc. 1 at 4, ¶ 3 ("red hair" or "slim build")). Where he does mention names, he simply seems to assert

they appeared in a particular context, but he does not allege or even suggest that they personally took any action against him, much less any individual wrongful action. Plaintiff's allegations that FBI Director Wray posed as an L.S.A.T. tutor in Las Vegas, Nevada (Doc. 1 at 3, ¶ 1), that former FBI Director James Comey appeared in the breakfast room of a hotel in Mississippi (Doc. 1 at 3, ¶ 2), or that former President Barack Obama was travelling in a presidential motorcade in South Dakota (Doc. 1 at 6, ¶ 13) do not state any plausible legal claim entitling Mr. Clinton to any relief. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Twombly*, 550 U.S. at 555.

The Petition fails to state a civil rights claim under either § 1983 or *Bivens*. Nor does the Petition state any other cognizable civil claim. Instead, the allegations of the Petition are delusional and frivolous. A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1108 (10th Cir.1991) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible .... "Denton *v. Hernandez,* 504 U.S. 25, 33 (1992). Plaintiff's claims of constitutional violations are delusional and frivolous and subject to dismissal on those grounds.

The Court lacks jurisdiction over any habeas corpus claims asserted by Plaintiff Clinton. If the Court were to construe the Petition as asserting civil rights or other civil claims, the Petition fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6) and *Twombly*. Last, the factual allegations of the Petition are delusional and frivolous. Therefore, the Court concludes that amendment of the Petition would be futile and will dismiss the case without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 15) is **GRANTED**, and Plaintiff Sean Michael Puchalow Clinton's Petition for Writ of Habeas Corpus Under 28 U.S.C.

§ 2241 (Doc. 1) is **DISMISSED** for lack of jurisdiction or, in the alternative, for failure to state a claim for relief and/or as frivolous.

_____
CHIEF UNITED STATES DISTRICT JUDGE